**CHUN XIU CHEN, Petitioner,**

v.

**Alberto R. GONZALES,[1] Respondent.**

**No. 04–0596–ag.**

United States Court of Appeals, Second Circuit.

Feb. 26, 2007.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as the respondent in this case.

Chun Xiu Chen, pro se, Roslyn, New York, for Petitioner.

Matthew H. Mead, United States Attorney; Carol A. Statkus, Assistant United States Attorney, Cheyenne, Wyoming, for Respondent.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. JOSEPH M. McLAUGHLIN, Hon. GUIDO CALABRESI, Circuit Judges.

### SUMMARY ORDER

Petitioner Chun Xiu Chen, a native and citizen of the People's Republic of China, seeks review of a January 13, order of the BIA denying her motion to reopen proceedings or reconsider its prior decision. *In re Chun Xiu Chen*, No. A 77 957 410 (B.I.A. Jan. 13, 2004). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA denies a motion to reopen or reconsider, this Court reviews the BIA's decision for an abuse of discretion. *Twum v. INS*, 411 F.3d 54, 58 (2d Cir. 2005). An abuse of discretion may be found where the BIA's decision "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Ke Zhen Zhao v. U.S. Dep't of Justice*, 265 F.3d 83, 93 (2d Cir.2001) (internal citations omitted).

The BIA did not abuse its discretion in denying Chen's motion to reopen proceedings. The BIA appropriately noted that Chen failed to submit any new evidence, or any new facts to be proven at a hearing if the motion were granted. 8 C.F.R. § 1003.2(c)(1). In addition, in declining to reconsider its prior decision, the BIA properly relied on Chen's failure to identify any legal or factual error in its prior decision. 8 C.F.R. § 1003.2(b); *Ke Zhen Zhao*, 265 F.3d at 90. The BIA cannot be found to have abused its discretion when Chen's motion contained only a vague, conclusory statement that the IJ did not consider the full context of her claim of future persecution. Therefore, the BIA properly denied Chen's motion and provided adequate reasoning for doing so. *See Ke Zhen Zhao*, 265 F.3d at 93.

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).